IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD HENRY,<br><br>        Petitioner,<br><br>    v.<br><br>MARK KIRBY,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-8775 (JBS)<br><br>**OPINION** |

APPEARANCES:

Leonard Henry, Petitioner Pro Se
# 46691004
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

**SIMANDLE, Chief Judge:**

    This matter comes before the Court on Leonard Henry's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Petition, Docket Entry 1).

    1.   Petitioner is a convicted and sentenced federal prisoner presently incarcerated at FCI Fairton, New Jersey. A jury in the Southern District of Florida found Petitioner guilty of several drug and firearm offenses, including conspiracy to

possess with the intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). The sentencing court gave Petitioner a life sentence.[1]

2.   Petitioner's convictions and sentence were affirmed by the Eleventh Circuit on direct appeal. (Petition ¶ 7). He filed a timely motion under 28 U.S.C. § 2255, but was not granted relief. (Id. ¶ 10). Petitioner thereafter filed an ultimately unsuccessful § 2241 petition challenging one of his firearms offenses in the Middle District of Pennsylvania. (Id. ¶ 10(b)).

3.   Petitioner argues that he is actually innocent of his enhanced sentence under 21 U.S.C. § 841(b)(1)(c) due to the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014) (holding a defendant cannot be liable under the penalty enhancement provision of Controlled Substance Act applicable when death or serious bodily injury results from use of the distributed substance unless a jury determines such use is a but-for cause of the death or injury).

4.   He asserts the jury from the Southern District of Florida "never found that he possess[ed] or distribute[d] any form of drug beyond a reasonable doubt," and that the sentencing court "by-passed statutory minimum or increased his penalty in violation of 841(a)(1)" by applying the "enhancement that

---

[1] *See Henry v. Ebbert*, 484 F. App'x 702, 703 (3d Cir. 2012). "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

exposed defendant to a greater sentence, for 300 kilograms of cocaine under (b)(1)(c) which was the aggravated factor of the offense which must be proved beyond a reasonable doubt." (Petition ¶ 13).

    5. Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

    6. Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

    7. "A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the validity of his conviction or sentence. A federal prisoner may challenge the validity of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be 'inadequate or ineffective.'" *Upshaw v. Warden Lewisburg USP*, \_\_\_\_ F. App'x

___, ___, 2016 WL 611476, at *1 (3d Cir. Feb. 16, 2016) (quoting 28 U.S.C. § 2255(e)). *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).

8. To date, the Third Circuit has only applied the § 2255(e) exception "where the conduct that forms the basis for the conviction has since been deemed non-criminal by an intervening Supreme Court decision that was unavailable on appeal or during § 2255 proceedings." *Upshaw*, 2016 WL 611476, at *1 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

9. Petitioner argues that § 2255 is inadequate or ineffective to pursue his claim as Eleventh Circuit precedent "squarely foreclosed" his argument at the time of his sentencing, direct appeal, and first motion under § 2255. (Petition ¶ 10(c)). He further argues "*Burrage* is a judicial construction, an interpretation of an existing statute, so it is not governed by retroactivity." (Id.).

10. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court has previously

4

denied relief, or because a petitioner is unable to meet AEDPA's stringent gatekeeping requirements for filing a second or successive § 2255 motion." *Upshaw*, 2016 WL 611476, at *2 (citing *Dorsainvil*, 119 F.3d at 251).

11. Petitioner does not argue his conduct has been subsequently rendered non-criminal by the Supreme Court. Instead he argues that he is "actually innocent" of a sentencing enhancement. The *Dorsainvil* exception does not apply to such a claim. *See Selby v. Scism*, 453 F. Appx. 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply.").

12. Moreover, as the Third Circuit recently noted, *Burrage* is an extension of the *Apprendi*[2] and *Alleyne*[3] decisions. *Upshaw*, 2016 WL 611476, at *2 (citing *Burrage v. United States*, 134 S. Ct. 881, 887 (2014)). Just as *Apprendi* or *Alleyne* arguments may not be brought under § 2241, Petitioner may not bring a *Burrage* claim under that statute. *Id.* This Court therefore lacks jurisdiction over the petition under § 2241.

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
[3] *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

13. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

14. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Eleventh Circuit as it does not appear Petitioner can meet the requirements for filing a second or successive § 2255 motion as set forth in § 2255(h). However, this Court's decision to not transfer this case does not prevent Petitioner from seeking leave from the Eleventh Circuit, *see* 28 U.S.C. § 2244(a), should he elect to do so.

15. An appropriate order follows.


 **May 2, 2016**                           **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge