IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD HENRY,<br><br>        Petitioner,<br><br>    v.<br><br>MARK KIRBY,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-8775 (JBS)<br><br>**OPINION** |

APPEARANCES:

Leonard Henry, Petitioner Pro Se
# 46691004
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

**SIMANDLE, Chief Judge:**

    On May 2, 2016, this Court dismissed Leonard Henry's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. Docket Entry 4. Petitioner now moves for reconsideration of that order. Motion for Reconsideration, Docket Entry 5. For the reasons expressed below, the motion is denied.

    1.  Petitioner is a convicted and sentenced federal prisoner presently incarcerated at FCI Fairton, New Jersey. A jury in the Southern District of Florida found Petitioner guilty of several drug and firearm offenses, including conspiracy to

possess with the intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). The sentencing court gave Petitioner a life sentence.[1]

2.   Petitioner's convictions and sentence were affirmed by the Eleventh Circuit on direct appeal. Petition ¶ 7. He filed a timely motion under 28 U.S.C. § 2255, but was not granted relief. Id. ¶ 10. Petitioner thereafter filed a § 2241 petition challenging one of his firearms offenses in the Middle District of Pennsylvania. Id. ¶ 10(b). The Middle District dismissed the petition for lack of jurisdiction, and the Third Circuit affirmed. *Henry v. Ebbert*, 484 F. App'x 702 (3d Cir. 2012).

3.   Petitioner asserts he is actually innocent of his enhanced sentence under 21 U.S.C. § 841(b)(1)(c) due to the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014) (holding a defendant cannot be liable under the penalty enhancement provision of Controlled Substance Act applicable when death or serious bodily injury results from use of the distributed substance unless a jury determines such use is a but-for cause of the death or injury).

4.   Petitioner sought relief from this Court under 28 U.S.C. § 2241, arguing that the jury "never found that he possess[ed] or distribute[d] any form of drug beyond a

---

[1] *See Henry v. Ebbert*, 484 F. App'x 702, 703 (3d Cir. 2012). "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

reasonable doubt," and that the sentencing court "by-passed statutory minimum or increased his penalty in violation of 841(a)(1)" by applying the "enhancement that exposed defendant to a greater sentence, for 300 kilograms of cocaine under (b)(1)(c) which was the aggravated [sic] factor of the offense which must be proved beyond a reasonable doubt." Petition ¶ 13.

5. After conducting its initial review of the petition, the Court dismissed the petition for lack of jurisdiction. Order, Docket Entry 4. It declined to transfer the petition to the Eleventh Circuit as it did not appear Petitioner could meet the requirements to file a second or successive § 2255 motion. Memorandum Opinion, Docket Entry 3 ¶ 14.

6. Petitioner now moves for reconsideration of that Order, arguing that this Court "failed to make the proper finding of fact and conclusions of law. Which this Court was required to do by statute." Motion for Reconsideration at 2.

7. "A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

8.   Plaintiff argues: "*Burrage* constitute[s] a new federal statutory interpretation previously unavailable to him. *Burrage* decision was approximately fourteen years after [Petitioner's] initial (2255), petition and it affect[s] his basic Due Process right." Motion for Reconsideration at 3. As in his original petition, he asserts "he could not raise his claim in a (2255) in a[n] effective manner because it was settled law in the Supreme Court and the [E]leventh [C]ircuit at the time of petitioner's trial, sentencing, direct appeal and first (2255), circuit precedent squarely foreclosed his claim [under] then existing case law." Id.

9.   He further claims the Court "misappl[ied] a substantive ruling" when it held that Petitioner could not bring a *Burrage* claim under § 2241 for the same reason *Apprendi*[2] and *Alleyne*[3] claims may not be made under § 2241, as the "*Burrage* decision [is] interpreting [a] substantive criminal statute, not one involving a rule of constitutional criminal procedure . . . ." Id. at 4. He asserts *Burrage* does in fact "decriminalize[] his conviction and sentence[.]" Id.

10. Petitioner advances the same arguments in his motion for reconsideration that were considered and rejected by the Court in its initial opinion. As previously noted by the Court,

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
[3] *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

4

the Third Circuit has held *Burrage* claims do not fall within the savings clause exception and cannot be the basis of a § 2241 petition. *See Upshaw v. Warden Lewisburg USP*, 634 F. App'x 357, 359 (3d Cir.), *cert. denied sub nom. Upshaw v. Ebbert*, No. 15-9375, 2016 WL 2928201 (U.S. June 27, 2016).

    11. Petitioner has not set forth any clear error of fact or law that warrants reconsideration of this Court's order in order to prevent manifest injustice.

    12. An appropriate order follows.


 **July 18, 2016**                            **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                              Chief U.S. District Judge